UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA          )
                                  )
         v.                       )          No. 1:19-cr- 151-01-SM
                                  )
JEFFREY HATCH                     )
_____)

2019 JUL 19 ⊃ 12: 19

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States

of America, by its attorney, Scott W. Murray, United States Attorney for the District of New

Hampshire, and the defendant, Jeffrey Hatch, and his attorney, Charles J. Keefe, Esquire, enter

into the following Plea Agreement.

1.   The Plea and Offense.

The defendant, Jeffrey Hatch, agrees to waive his right to have this matter presented to a

grand jury and plead guilty to Count One of an Information that charges him with using a

communication facility to facilitate the distribution of controlled substances, specifically,

fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 843(b).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing

stipulations identified in Section 6 of this agreement.

2.   The Statutes and Elements of the Offenses.

Title 21, United States Code, Section 843(b) provides, in pertinent part,

"It shall be unlawful for any person knowingly or intentionally to use any communication
facility in committing or in causing or facilitating the commission of any act or acts
constituting a felony under any provision of this subchapter."

2

The defendant understands that the offense in Count One of the Information has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that at about the time and date charged in the Information, the defendant, Jeffrey Hatch, knowingly or intentionally used a communication facility, a telephone;

Second, that he did so in committing, causing, or facilitating the commission of a controlled substance felony, that is, unlawful distribution of fentanyl, a Schedule II controlled substance; and

Third, that the controlled substance felony was in fact committed.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2019 Revisions,* Instruction 4.21.843(b).

3.   Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would prove the following facts, which would establish the elements of the offense beyond a reasonable doubt:

Beginning in the spring of 2017, federal, state and local law enforcement conducted an investigation into a Manchester, New Hampshire fentanyl supplier (NH Source) who obtained large quantities of fentanyl from a Lawrence, Massachusetts source of supply (MA Source) for distribution in the Manchester area.

Through the course of the investigation, law enforcement identified and apprehended several of the NH Source's drug couriers, to include the defendant. The couriers, acting at the direction of the NH Source, would transport drug proceeds from the NH Source to the MA Source and/or pick up large quantities of fentanyl from the MA Source for delivery to the NH Source.

3

During the morning hours of July 25, 2017, the defendant utilized his cellular telephone to arrange with the MA Source to pick up approximately 1,500 grams of fentanyl for the NH Source. Shortly after, the defendant met the MA Source and obtained the NH Source's fentanyl. The defendant brought the drugs back to his residence in New Hampshire.

Later the same day, the NH Source obtained a portion of the fentanyl from the defendant. The defendant kept the remaining quantity of fentanyl at his residence.   The NH Source subsequently distributed 198.08 grams of the fentanyl to an undercover law enforcement officer in Manchester, New Hampshire. Law enforcement arrested the NH Source for drug trafficking. Law enforcement executed a search warrant on the NH Source's vehicle and seized an additional 267.67 grams of fentanyl and $7,500 cash.

4.   Penalties.

The defendant understands that the penalties for the offense include:

A.      A maximum prison term of four (4) years (21 U.S.C. §843(d)(1));

B.      A maximum fine of $250,000 (21 U.S.C. §843(d)(1); (18 U.S.C. §3571(b)(3));

C.    A term of supervised release of not less than one year. The defendant
        understands that the defendant's failure to comply with any of the conditions
        of supervised release may result in revocation of supervised release, requiring
        the defendant to serve in prison all or part of the term of supervised release,
        with no credit for time already spent on supervised release (18 U.S.C. § 3583).

The defendant also understands that he will be required to pay a special assessment of $100 for each count of conviction ($100.00) at or before the time of sentencing; and that the Court may order him to pay restitution to the victim of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

5.   Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case

4

and that the Court is required to consider the United States Sentencing Guidelines as advisory

guidelines.   The defendant further understands that he has no right to withdraw his guilty plea if

the applicable advisory guideline range or his sentence is other than he anticipated, except as

expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation

Office shall:

A.   Advise the Court of any additional, relevant facts that are presently known
     or may subsequently come to their attention;

B.   Respond to questions from the Court;

C.   Correct any inaccuracies in the pre-sentence report;

D.   Respond to any statements made by him or his counsel to a probation
     officer or to the Court.

The defendant understands that the United States and the Probation Office may address

the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable

sentencing range within the advisory Sentencing Guidelines that he may have received from any

source is only a prediction and not a promise, and is not binding on the United States, the

Probation Office, or the Court, except as expressly provided in this Plea Agreement.

6.   Stipulations and Other Agreements.

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant have

stipulated to the following:

The government agrees to recommend a sentence at the low end of the advisory United

States Sentencing Guideline range as determined by the Court.

The defendant understands that the Court is not bound by the foregoing agreement and,

with the aid of a pre-sentence report, the court will determine the facts relevant to sentencing.

5

The defendant also understands that if the Court does not accept any or all of those agreements, such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7.   Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense.   The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A.   fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

B.   challenges the United States' offer of proof at any time after the plea is entered;

C.   denies involvement in the offense;

D.   gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.   fails to give complete and accurate information about the defendant's financial status to the Probation Office;

6

F.      obstructs or attempts to obstruct justice, prior to sentencing;

G.      has engaged in conduct prior to signing this Plea Agreement which reasonably

        could be viewed as obstruction or an attempt to obstruct justice, and has failed to

        fully disclose such conduct to the United States prior to signing this Plea

        Agreement;

H.      fails to appear in court as required;

I.      after signing this Plea Agreement, engages in additional criminal conduct; or

J.      attempts to withdraw the plea of guilty.

If the defendant's offense level is sixteen or greater, and the defendant has assisted the

United States in the investigation or prosecution of the defendant's own misconduct by timely

notifying the United States of the defendant's intention to enter a plea of guilty, thereby

permitting the United States to avoid preparing for trial and permitting the United States and the

Court to allocate their resources efficiently, the United States will move, at or before sentencing,

to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. §

3E1.1(b).

The defendant understands and agrees that the defendant may not withdraw the

defendant's guilty plea if, for any of the reasons listed above, the United States does not

recommend that the defendant receive a reduction in the defendant's sentence for acceptance of

responsibility.

The defendant also understands and agrees that the Court is under no obligation to reduce

the offense level if it finds that the defendant has not accepted responsibility.

7

8.   Waiver of Trial Rights and Consequences of Plea.

The defendant understands that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant.   The defendant understands that the defendant has the right:

A.      to plead not guilty or to maintain that plea if it has already been made;

B.      to be tried by a jury and, at that trial, the right to the assistance of counsel;

C.      to confront and cross-examine witnesses against the defendant;

D.      not to be compelled to provide testimony that may incriminate the defendant; and

E.      to compulsory process for the attendance of witnesses to testify in the defendant's defense.

The defendant understands that by pleading guilty the defendant waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a trial of any kind.

The defendant understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense, and if the defendant answers those questions falsely under oath, on the record, and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making false statements.

9.   Acknowledgment of Guilt; Voluntariness of Plea.

The defendant acknowledges that the defendant:

A.      is entering into this Plea Agreement and is pleading guilty freely and voluntarily because the defendant is guilty;

B.      is entering into this Plea Agreement without reliance upon any discussions with the United States and without promise of benefit of any kind except as described in this Plea Agreement or revealed to the Court;

C.      is entering into this Plea Agreement without threats, force, intimidation, or coercion of any kind;

D.      understands the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law; and

E.      is completely satisfied with the representation and advice received from the defendant's undersigned attorney.

10.   Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-federal, state or local authority.   The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from the defendant's plea of guilty.   The defendant understands such matters are solely within the discretion of the specific non-party government agency involved.   The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.   Collateral Consequences.

The defendant understands that the defendant will be adjudicated guilty of the offense to which the defendant will plead guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences

9

of this plea will be imposed in a separate proceeding before the immigration authorities. The

defendant wants and agrees to plead guilty to the charged offense regardless of any immigration

consequences of this plea, even if this plea will cause his removal from the United States. The

defendant understands that he is bound by his guilty plea regardless of any immigration

consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty

plea and to his sentence based on any immigration consequences, and agrees not to seek to

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his

guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

    12.   <u>Satisfaction of Federal Criminal Liability; Breach</u>.

    The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal

liability of the defendant in the District of New Hampshire as a result of the defendant's

participation in the conduct which forms the basis of the Indictment in this case. The defendant

understands that if, before sentencing, the defendant violates any term or condition of this Plea

Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States

may consider such conduct to be a breach of the Plea Agreement and may withdraw from it.

    13.   <u>Waivers</u>.

    A.     Appeal.

    The defendant understands that he has the right to challenge his guilty plea and/or

sentence on direct appeal.   By entering into this Plea Agreement the defendant knowingly and

voluntarily waives his right to challenge on direct appeal:

1.     His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.     The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

10

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B.    Collateral Review.

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.   By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1.    His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.    The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel.   The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C.    Freedom of Information and Privacy Acts.

The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may

11

be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D.     Appeal by the Government

This Plea Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the United States therefore retains its appeal rights.

14.     <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15.     <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and his attorney and until signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16.     <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.


Dated: _____                          SCOTT W. MURRAY
                                                United States Attorney

                                         By:    _____  FOR JCD

                                                Jennifer Cole Davis
                                                Assistant U.S. Attorney
                                                NH Bar Association # 10222
                                                53 Pleasant St., 4th Floor
                                                Concord, NH 03301
                                                jennifer.c.davis@usdoj.gov
                                                (603) 225-1552

12

The defendant, Jeffrey Hatch, certifies that he has read and/or has had read this 12-page Plea Agreement and that he fully understands and accepts the terms thereof.

_____
Jeffrey Hatch, defendant

Date: 7/17/19

I have read the above and explained it to my client, who advises me that he understands and accepts its terms.

_____
Charles J. Keefe, Esquire
Counsel for Jeffrey Hatch

Date: 7/17/19